UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACK A. SHULMAN,<br><br>       Plaintiff,<br><br>v.<br><br>DONALD ZSAK, *et al.*,<br><br>       Defendants. | Civil Action Number:<br>2:09-cv-02494<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**MEMORANDUM OPINION**

### I.   INTRODUCTION

This action is brought by pro se Plaintiff Jack A. Shulman against Cranford Police Officers Donald Zsak, Spencer Durkin, and John Heester. This action is also brought against National Security Agency ("NSA") Director Keith Alexander, NSA Deputy Director John C. Englis, NSA Inspector General Bill Shea, Lourdes Estores, and Federal Bureau of Investigation Agent Gary Adler. Plaintiff alleges that he was an undercover agent in the employ of the NSA. He alleges that he was an officer of the United States and that when state and federal officers seized him and his gun, they did so in violation of 42 U.S.C. § 1985(1), prohibiting interfering in a federal officer's exercise of his duties.

Defendants filed two motions to dismiss. In a prior opinion and order, this Court granted those motions. Plaintiff now seeks reconsideration. Having considered Plaintiff's further filings, this Court will **DENY** the motion for reconsideration, and, unless otherwise ordered by the Court of Appeals, this Court will unseal all the sealed filings in this matter on or after thirty days from the entry of the order filed with this opinion, thereby preserving the possibility of meaningful appellate review.

### II.   BACKGROUND

An extensive background section appears in this Court's prior opinion.

### III.   STANDARD OF REVIEW

New Jersey Local Civil Rule 7.1(i) states that a motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly. *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J.

1999). A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc*., 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument."). It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co*., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. *See* N.J. L.R. 7.1(i).

Plaintiff also appears to seek relief under Federal Rule of Civil Procedure 60(b)(2), which provides for "relie[f] [to] a party or its legal representative from a final judgment, order, or proceeding [based on] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60.

## IV. ANALYSIS

The Court has considered the evidence put forward by Plaintiff. This evidence was available to Plaintiff over the course of this litigation. This evidence is not newly discovered. Plaintiff points to no clear error of law or fact or to any change in intervening law. Moreover, in granting the original motions to dismiss, the Court noted that Plaintiff admits that he has not been paid by his purported government employer for some seventeen years. In these circumstances, it is not plausible to believe that Plaintiff is an officer of the United States. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (mandating *plausibility* as a condition to pursue claim). Plaintiff's new filings do nothing to correct this substantial defect. Thus, there is no basis for reconsideration.

## V. CONCLUSION

For all reasons elaborated above, Plaintiff's motion for reconsideration is **DENIED**. The Court will file, as a **SEALED** document, its prior opinion granting the two motions to dismiss, and, that, unless otherwise ordered by the Court of Appeals, the Court will unseal all the sealed filings in this matter on or after 30 days from the entry of this order, thereby preserving the possibility of meaningful appellate review.

In light of the relief granted herein, i.e., granting Plaintiff 30 days in which to seek emergent relief from the Court of Appeals, Plaintiff's order to show cause is **DENIED** as moot.

**DATE: June __, 2011**                                                  **William J. Martini, U.S.D.J.**